John M. O'NEILL; Mary C. O'Neill, Plaintiffs–Appellants,

v.

UNITED STATES of America, Defendant–Appellee.

No. 93–16348.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 13, 1994.

Decided Jan. 9, 1995.

---

1. Appellants' "Motion for summary reversal" is denied.

Robert P. Schalk, Santa Cruz, CA, for plaintiffs-appellants.

Michael L. Paup, Acting Asst. U.S. Atty. Gen., Gary R. Allen, Asst. U.S. Atty., and John A. Nolet, Asst. U.S. Atty., Tax Div., Washington, DC, for defendant-appellee.

Before: HUG, CANBY, and HAWKINS, Circuit Judges.

HUG, Circuit Judge:

John and Mary O'Neill ("taxpayers"), investors in a tax shelter partnership, Interservice Group Limited ("IGL"), filed an action in district court seeking a refund of the taxes they paid as a result of adjustments made by the Internal Revenue Service ("IRS") to IGL's partnership return. The district court entered summary judgment for the Government on the ground that under 26 U.S.C. § 7422(h) it lacked jurisdiction to entertain actions "brought for a refund attributable to partnership items." The O'Neills contend that they brought the refund action not for a refund attributable to partnership items, but rather only to litigate whether the statute of limitation had run before the assessment was made. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.

Taxpayers argue that section 7422(h) does not apply to a refund claim based on the expiration of the statute of limitation. We need not reach that issue because we conclude that, in any event, the tax assessment was not barred by the statute of limitation. We may affirm on any independently sufficient ground. *Miles v. Department of Army*, 881 F.2d 777, 780 n. 1 (9th Cir.1989).

Taxpayers' primary argument on the statute of limitation issue is that the Commissioner was time-barred from assessing a tax based on a disallowed investment loss to IGL, of which each taxpayer claimed its pro rata share on its federal income tax return, because the tax was assessed after the limitation period expired and because no valid administrative adjustment action served to suspend the limitation period. We do not agree.

The applicable statute of limitation is set forth at 26 U.S.C. § 6229(a) which provides in part:

**(a) General Rule.**—Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of—

(1) the date on which the partnership return for such taxable year was filed, or

(2) the last day for filing such return for such year (determined without regard to extensions).

However, the limitation period may be suspended under section 6229(d) by the mailing of the Notice of Final Partnership Administrative Adjustment ("FPAA") to the tax matters partner. Section 6229(d) provides:

If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) ... shall be suspended—

(1) for the period during which an action may be brought under section 6226 [150 days] (and if an action with respect to such administrative adjustment is brought

during such period, until the decision of the court in such action becomes final, and

(2) for 1 year thereafter.

Section 6225 additionally provides that assessments may be made only after partnership level proceedings are completed.

The tax matters partner in this case was Kenneth Wilkinson. The IRS mailed the FPAA notice to Wilkinson on April 11, 1986. However, unbeknownst to the Tax Court or counsel on either side, Wilkinson had filed for personal bankruptcy on January 15, 1986. Wilkinson's bankruptcy petition had the effect of nullifying his status as the tax matters partner. *See Seneca Ltd. v. Commissioner*, 92 T.C. 363, 364, 1989 WL 11484 (holding that involuntary bankruptcy petition filed against tax matters partner terminated status as tax matters partner), *aff'd without opinion*, 899 F.2d 1225 (9th Cir.1990).

Regardless of Wilkinson's bankruptcy status, the statutory limitation period for assessment would have ended on April 15, 1986, three years after the last day for filing IGL's 1982 return. Because the IRS mailed the FPAA to Wilkinson on April 11, 1986, it was within the three year limitation period under section 6229(a). Wilkinson then timely petitioned for readjustment and redetermination of the FPAA in the Tax Court on July 2, 1986. The IRS and Wilkinson ultimately agreed to a stipulated settlement reducing the amount of the loss to the partnership from $770,938 to $75,000. The Tax Court decision, approving the stipulated settlement, was final on August 2, 1989. As a result of the stipulated settlement, the IRS disallowed pro rata shares of the loss for each individual investor. The IRS assessed additional taxes and interest in June 1990, within the one year allotted thereafter under section 6229(d)(2). Taxpayers paid the assessed amounts.

After discovering Wilkinson's bankruptcy status, other IGL investors filed suit in district court seeking a refund for the taxes paid. These investors contended that the assessment was time-barred because the stipulated settlement was a legal nullity in light of Wilkinson's bankruptcy. They did not challenge the substantive validity of the tax itself. The district court conditionally

dismissed the action to allow them to seek relief in the Tax Court. On December 7, 1992, the Tax Court vacated and dismissed the 1989 stipulated decision for lack of jurisdiction on the ground that Wilkinson's bankruptcy status precluded him from bringing a partnership action. In the interim, taxpayers filed this action in district court on December 4, 1992, seeking a refund on statute of limitation grounds.

The question thus becomes whether Wilkinson's timely action brought under section 6226 served to suspend the limitation period until the Tax Court's decision became final and for one year thereafter, *see* 26 U.S.C. § 6229(d), or whether the Tax Court's vacation of the 1989 stipulated decision resulted in the IRS's June 1990 assessment being time-barred. Clearly, had Wilkinson not been in bankruptcy at the time he filed his petition, the assessment would have been timely. The result should be no different because the Tax Court ultimately dismissed the action for lack of jurisdiction.

We agree with the reasoning of the Second Circuit in *American Equitable Assurance Co. v. Helvering*, 68 F.2d 46 (2d Cir.1933). In *American Equitable*, under a different tax provision, the plaintiffs made a similar argument that a tax assessment was barred by the statute of limitation because the petition that otherwise suspended the running of the limitation period was dismissed for lack of jurisdiction. The statute in question provided that the limitation period was suspended "until the decision of the Board became final and until sixty days thereafter 'if a proceeding in respect of the deficiency is placed on the docket of the Board.'" *Id.* at 47. The Second Circuit held that the limitation period was suspended once placed on the docket, regardless that the petition was later found to be defective. The court stated:

Even though the Board dismissed this proceeding ... for want of jurisdiction ..., the placing of the proceeding upon its docket gave it whatever right to act is involved in determining whether or not the petition was sufficient to give it jurisdiction to decide the matter on the merits. At any rate, a proceeding had been commenced which required the Board of Tax

Appeals to make a decision though not necessarily on the merits. *Because the effect of the passage of time would be the same whether the Board made its decision on the merits or on some other ground, if the period stated in the statute of limitations meantime expired, it is reasonable to believe that Congress did not intend to have the time a proceeding was pending before the Board counted any more when the decision was a dismissal for want of jurisdiction than when it was not.*

*Id.* (emphasis added). We conclude that this is sound reasoning and should be applied in this situation. Otherwise, the Commissioner could risk being completely barred from assessing a properly-owed tax. This case provides such an example. Because the Commissioner had to refrain from assessing the tax until the case was final, *see* 26 U.S.C. § 6225, when the petition turned out to be defective and the limitation period had run in the interim, the Commissioner could not assess the tax under the taxpayers' theory. Clearly, this is not what Congress intended.

The statute in question suspends the limitation period until a decision is final if an administrative adjustment action was brought under section 6226 during the relevant period. *See* 26 U.S.C. § 6229(d)(1). An administrative adjustment action was brought during this period. We conclude that Wilkinson's petition, although later dismissed as defective, served to suspend the limitation period because there was an existing unresolved matter before the Tax Court. Therefore, the Commissioner could not have brought an assessment until the decision of the Tax Court was final pursuant to 26 U.S.C. §§ 6225 and 6229(d). Once the Tax Court decision was final, whether on jurisdictional grounds or on the merits, the limitation period began running again. Because the Commissioner assessed the tax within the applicable limitation period, the assessment was not time-barred.

**AFFIRMED.**