GLENN E. MILLER AND SHARON A. MILLER, PETITIONERS *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 24835–89.          Filed March 29, 1995.

*Glenn E. Miller,* for petitioners.
*Lavonne D. Lawson,* for respondent.

OPINION

WRIGHT, *Judge:* This case is before the Court on petition-
ers' motion for summary judgment, filed on October 11, 1994,
pursuant to Rule 121.[1] Respondent filed respondent's objec-
tion to petitioners' motion for summary judgment on January
9, 1995.

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and
Procedure, and all statutory references are to the Internal Revenue Code in effect during the
years in issue.

Respondent determined additions to petitioners' 1980, 1981, 1983, and 1984 Federal income tax as follows:

| Year | Sec. 6653(a) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6659 |
|------|------|------|------|------|
| 1980 | $880.20 | - - - | 50 percent of the interest due on $17,604 | $5,281.20 |
| 1981 | - - - | $515.00 | 50 percent of the interest due on $10,300 | 3,090.00 |
| 1983 | - - - | 147.40 | 50 percent of the interest due on $2,948 | 884.40 |
| 1984 | - - - | 359.45 | 50 percent of the interest due on $7,189 | 2,156.70 |

The issues for decision are:

(1) Whether the period of limitations on assessment expired with respect to the years in issue. We hold that it did not;

(2) whether petitioners are liable for the addition to tax for a valuation overstatement under section 6659 for taxable years 1980, 1981, 1983, and 1984. We hold that they are.

Petitioners resided in Saratoga, California, at the time the petition was filed. The instant case arises out of petitioners' participation in Encore Leasing Corp. (Encore). Encore was in the business of leasing master recordings of previously released pop and Gospel albums. Trials were conducted in three test cases with respect to deficiencies in and additions to tax resulting from participation in Encore. In each case we held in favor of respondent, and each case was affirmed by the Court of Appeals for the Ninth Circuit. See *Wolf v. Commissioner,* T.C. Memo. 1991–212, affd. 4 F.3d 709 (9th Cir. 1993); *Feldmann v. Commissioner,* T.C. Memo. 1991–353 and *Garcia v. Commissioner,* T.C. Memo. 1991–451, affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

Petitioners invested in Encore during taxable year 1983 through Alamo East Enterprises (Alamo East), an invest-

ment conduit. Alamo East was a TEFRA[2] general partnership existing under the laws of California. With respect to their investment in Encore through Alamo East, petitioners claimed tax credits for taxable year 1983. Petitioners applied a portion of the credits to offset their 1983 tax liability. Petitioners also carried back portions of the tax credit to offset their tax liability for taxable years 1980 and 1981 and carried forward a portion of the tax credit to offset their tax liability for taxable year 1984. Following is the total amount of tax credits claimed by petitioners with respect to their investment in Encore:

| Year | Tax credit amount |
|---|---|
| 1980 | $1,987 |
| 1981 | 17,604 |
| 1983 | 10,300 |
| 1984 | 7,189 |
| Total | 37,080 |

Petitioners filed their 1983 income tax return on April 15, 1984. Alamo East filed its 1983 partnership return on August 6, 1984. On July 8, 1987, respondent mailed a notice of final partnership administrative adjustment (FPAA) to a partner of Alamo East with respect to Alamo East's 1983 return. On November 27, 1987, Alamo East, through two of its notice partners, filed a petition for readjustment of final partnership administrative adjustment with the U.S. District Court for the Northern District of California. On July 20, 1988, the petition was dismissed without prejudice on stipulation between the parties, and a court order was issued to that effect. The order stated: "The above stipulation is hereby approved and made an order of this Court. This case is dismissed without prejudice."

As a result of the District Court's order of dismissal, petitioners paid the deficiencies with respect to their investment in Encore through Alamo East. On July 20, 1989, respondent mailed to petitioners a notice of deficiency with respect to the additions to tax resulting from their invest-

---

[2] TEFRA refers to the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97–248, 96 Stat. 324.

ment in Encore. The additions to tax are the subject of petitioners' motion for summary judgment.

Summary judgment is appropriate if the pleadings and other materials show that there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(b); *Naftel v. Commissioner,* 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that no genuine issue exists as to any material fact and that he is entitled to judgment on the substantive issues as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Espinoza v. Commissioner,* 78 T.C. 412, 416 (1982). The material facts in the instant case are not in dispute.

Petitioners argue that they are entitled to summary judgment because respondent did not mail the notice of deficiency within the period provided under section 6229(a), and petitioners did not agree to extend the period of limitations. Respondent argues otherwise. We agree with respondent.

Section 6229(a) provides that the period of limitations for assessing tax relating to a partnership item[3] shall not expire before the date which is 3 years after the later of the date the partnership return was filed or the date that the return was due (determined without regard to extensions). *Bugaboo Timber Co. v. Commissioner,* 101 T.C. 474, 483 (1993). Section 6229(d), however, provides that the mailing of an FPAA suspends the running of the 3-year limitations period for the period during which an action may be brought under section 6226 and for 1 year thereafter. Section 6229(d) provides as follows:

SEC. 6229(d). SUSPENSION WHEN SECRETARY MAKES ADMINISTRATIVE ADJUSTMENT.—If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended—

(1) for the period during which an action may be brought under section 6226 (and, if an action with respect to such administrative adjustment is brought during such period, until the decision of the court in such action becomes final), and

(2) for 1 year thereafter.

See *Aufleger v. Commissioner,* 99 T.C. 109, 111–112 (1992).

---

[3] There is no dispute that the tax credit at issue herein is a partnership item.

Section 6226(b) allows any notice partner to file a petition in the Tax Court, District Court, or Claims Court. Under section 6226(h), if an action brought under this section is dismissed, the decision of the court dismissing the action shall be considered as its decision that the FPAA is correct, and an appropriate order shall be entered in the records of the court.[4]

In the instant case, we calculate that the limitations period remained open on July 20, 1989, the date the notice of deficiency was mailed, and therefore the period of limitations on assessment did not expire. For purposes of section 6229(a), the period for assessing tax began to run on August 6, 1984, the date that the Alamo East partnership return was filed. On July 8, 1987, respondent mailed the FPAA to Alamo East, thus suspending the period of limitations pursuant to section 6229(d). Alamo East, through two of its notice partners, timely filed a petition for readjustment of final partnership administrative adjustment with the U.S. District Court for the Northern District of California. The action remained pending in the District Court for approximately 8 months and was ultimately dismissed on July 20, 1988. In accordance with section 6229(d), the period of limitations was suspended until the decision of the court became final and for 1 year thereafter. Thus, the period was still open on July 20, 1989.

Petitioners claim that section 6229(d) does not extend the period of limitations in the instant case because the petition filed by the Alamo East notice partners in District Court was dismissed by stipulation of the parties, without prejudice. Petitioners cite rule 41(a)(1) of the Federal Rules of Civil Procedure, which provides that unless otherwise stated in the stipulation, a stipulation of dismissal is without prejudice.[5] According to petitioners, a dismissal without prejudice leaves the parties as if Alamo East never filed a petition, and thus the period of limitations was not suspended during the 8-month period that the action was pending in the District

---

[4] The provisions of sec. 6226(h) do not apply if the action is dismissed under sec. 6226(b)(4).

[5] Fed. R. Civ. P. 41(a)(1) provides in pertinent part:

(a) Voluntary Dismissal: Effect Thereof.

(1) By Plaintiff; by Stipulation. Subject to * * * any statute of the United States, an action may be dismissed by the plaintiff * * * (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal * * *, the dismissal is without prejudice, * * *.

Court. Petitioners therefore conclude that the period of limitations expired prior to July 20, 1989, and the notice of deficiency is invalid.

Petitioners' argument misses the mark. Generally, an action dismissed without prejudice leaves the situation the same as if the suit had never been brought. *Bomer v. Ribicoff,* 304 F.2d 427, 428–429 (6th Cir. 1962). In the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending. *Id.; Humphreys v. United States,* 272 F.2d 411, 412 (9th Cir. 1959). In the instant case, sections 6229(d) and 6226(h) preempt the general rule. Section 6229(d) requires suspension of the period of limitations during the period that an action is pending, with respect to an administrative adjustment made by the Secretary, until the decision in such action becomes final.[6] For purposes of section 6229(d)(1), a decision of a District Court becomes final upon the expiration of the time allowed for filing a notice of appeal, if no such notice has been filed within such time. Secs. 6230(g), 7481(a)(1). Under section 6226(h), the District Court's order dismissing the action acts as the relevant court decision for purposes of the instant case. We therefore conclude that the period of limitations was suspended during the time that Alamo East's petition was pending in the District Court and for 1 year after the District Court's order dismissing the petition became final. Accordingly, we hold that the period of limitations did not expire with respect to the years at issue, and the notice of deficiency was timely mailed.

We now turn to the issue regarding the addition to tax under section 6659 for a valuation overstatement. This issue was addressed in the three test cases discussed earlier, and we held for respondent in each case.[7] Section 6659 imposes a graduated addition to tax wherever an individual has an underpayment of tax which equals or exceeds $1,000 and which is attributable to a valuation overstatement. A valu-

---

[6] In *O'Neill v. United States,* 44 F.3d 803 (9th Cir. 1995), the Court of Appeals for the Ninth Circuit held that under sec. 6229(d)(1) a petition filed with the Tax Court by the tax matters partner, even though subsequently dismissed as defective, suspended the limitations period because there was an existing unresolved matter before the Court. The limitations period was suspended once the case was placed on the docket. *Id.*

[7] In *Wolf v. Commissioner,* T.C. Memo. 1991–212, affd. 4 F.3d 709 (9th Cir. 1993), the taxpayer conceded that the master recording was overvalued.

ation overstatement occurs when the value of any property, or the adjusted basis of any property, claimed on any return is 150 percent or more of the amount determined to be the correct amount of such valuation or adjusted basis (as the case may be). Sec. 6659(c).

Petitioners contend that they are not liable for the addition to tax under section 6659 because their deficiencies were not the result of a valuation overstatement. According to petitioners, their claimed tax credits were disallowed by respondent because Alamo East had no profit expectation, and thus section 6659 does not apply in the instant case. While petitioners are correct in their assertion that the claimed tax credits were disallowed by respondent because Alamo East had no profit expectation, they overlook the fact that in the test cases we also found that the adjusted basis of the master recordings leased from Encore was overstated. In *Feldmann v. Commissioner,* T.C. Memo. 1991–353, and *Garcia v. Commissioner,* T.C. Memo. 1991–451, we found that respondent determined that the adjusted basis of the master was zero. We sustained respondent's determination in the test cases and do so again here. Therefore, petitioners' correct basis in their investment in Encore was zero, and the disallowed tax credits were the result of an overstatement of the value of petitioners' investment in Encore. See *Rybak v. Commissioner,* 91 T.C. 524, 566–567 (1988). Accordingly, we hold that an addition to tax for a valuation overstatement is appropriate in these instances.

To reflect the foregoing,

> *An order will be issued denying petitioners' motion for summary judgment.*