T.C. Memo. 1998-126


UNITED STATES TAX COURT


ROBERT P. NEUMANN AND SALLY A. NEUMANN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23431-96.                    Filed March 31, 1998.


Jon M. Ishibashi, for petitioners.

Allan E. Staines, for respondent.


MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case was heard pursuant to
section 7443A(b)(3) of the Code and Rules 180, 181, and 182.  All
section references are to the Internal Revenue Code in effect for
the years in issue.  All Rule references are to the Tax Court
Rules of Practice and Procedure.  Respondent determined additions
to tax in petitioners' Federal income taxes as follows:

|        | Additions to Tax | | |
| ------ | --------------- | ------------- | --------- |
| Year   | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 |
| 1981   | $587            | *             | $3,523    |
| 1984   | 642             | **            | 3,854     |

*  An amount equal to 50 percent of the interest due on $11,744.

** An amount equal to 50 percent of the interest due on $12,846.

After concessions, the issues remaining for decision are: (1) Whether petitioners are liable for additions to tax for negligence under section 6653(a)(1) and (2); and (2) whether petitioners are liable for additions to tax for valuation overstatement under section 6659.

This is an affected items proceeding which arises out of petitioners' participation in the Alamo East Enterprises and Alamo East Enterprises 1984 partnerships (the Alamo partnerships), which leased master recordings.  The parties stipulated that the Alamo partnerships were involved in the Encore Leasing Tax Shelter (Encore Leasing).  See Miller v. Commissioner, 104 T.C. 378 (1995).  Some of the other facts in the instant case also have been stipulated and are so found.  For clarity and convenience, the findings of fact and opinion have been combined.

Petitioners resided in Danville, California, at the time the petition was filed.  During 1984, petitioner Robert P. Neumann (petitioner) was the president of Thompson Electric, an electrical contracting firm located in San Ramon, California.

Petitioners are the sole stockholders of Thompson Electric. Petitioner has no experience in the music recording industry.

During 1984, petitioner was a partner in the Alamo partnerships. The Alamo partnerships were formed by Neil Orsi (Orsi), who served as the partnerships' managing general partner.

During 1984, petitioners invested $10,000 in Alamo East Enterprises 1984. On their 1984 Federal income tax return, petitioners claimed net loss deductions in the total amount of $23,858 and investment tax credits in the amount of $17,962 with respect to their participation in the Alamo partnerships. Petitioners applied a portion of the investment tax credits to offset their 1984 taxes (except for their alternative minimum tax) and carried back $11,744 of the investment tax credits to offset their 1981 tax liability.

On May 8, 1995, this Court granted respondent's motions to dismiss for lack of prosecution petitions filed by Orsi, as tax matters partner, on behalf of the Alamo partnerships. The Court further decided that the adjustments for the 1984 taxable year were correct as determined and set forth in the Notices of Final Partnership Administrative Adjustment (FPAA). Respondent's determinations in the FPAA's involved only the activities surrounding the leasing of master recordings with respect to both partnerships.

In the notice of deficiency, respondent determined that petitioners were liable for additions to tax for negligence under section 6653(a)(1) and (2), and for additions to tax for valuation overstatement under section 6659.

Section 6653(a)(1) provides for an addition to tax equal to 5 percent of any underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) provides for an addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules or regulations.

Negligence is defined as the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden to prove that respondent's negligence determinations are erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972).

Under certain circumstances, reliance on the advice of a competent professional adviser may overcome respondent's finding of negligence. United States v. Boyle, 469 U.S. 241 (1985); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Reliance on professional advice, standing alone, is not an absolute defense

to negligence, but rather a factor to be considered. Freytag v. Commissioner, supra at 888. A taxpayer's reliance on professional advice is an acceptable excuse from the negligence additions to tax where such reliance was reasonable. United States v. Boyle, supra. Reliance on professional advice must be objectively reasonable. Goldman v. Commissioner, 39 F.3d 402, 408 (2d Cir. 1994), affg. T.C. Memo. 1993-480.

Reliance on representations by insiders, promoters, or offering materials generally is not an adequate defense to negligence. Gollin v. Commissioner, T.C. Memo. 1996-454. A taxpayer must be able to show that the adviser reached his or her decision independently. Leonhart v. Commissioner, 414 F.2d 749 (4th Cir. 1969), affg. per curiam T.C. Memo. 1968-98. A taxpayer ordinarily may not reasonably rely on someone with an inherent conflict of interest. Goldman v. Commissioner, supra.

Petitioners contend they are not liable for negligence additions to tax because they acted in a reasonable manner and exercised ordinary business care and prudence with respect to their participation in the Alamo partnerships. Further, petitioners argue they reasonably relied upon the independent advice of their attorney Jeffrey Hansen (Hansen) and their accountant George Minger (Minger).

Based upon our review of the record, we find that petitioners failed to prove that their actions were that of a

reasonable and ordinarily prudent investor. At the onset, we note that petitioner readily admitted that he has no experience in the music recording industry. Indeed, petitioner was unsure of the identity of the recording artists who perform on the master recordings leased by the Alamo partnerships.

Further, petitioners failed to introduce any evidence that they conducted any research regarding the validity or viability of the leasing of master recordings. Petitioners failed to investigate the marketability or the quality of the master recordings. They failed to seek independent appraisals regarding the economic merit of leasing the master recordings. There is no evidence that petitioners even listened to the master recordings prior to entering into the lease or that they discussed the marketability of the master recordings with any record distributor. Petitioners did not inquire about the past successes or failures of the leasing of master recordings. Moreover, they did not inquire about Orsi or the other investors with regard to their expertise in the record industry. There is also no evidence in the record that petitioners undertook any measure, whether precautionary or investigatory, to ensure the economic success of the leasing of master recordings. We believe that such activities require a greater degree of participation and investigation on the part of petitioners.

Petitioners contend that in addition to relying on the prospectus, the tax opinion presented by Henry Nunez (Nunez), who was legal counsel on behalf of Encore Leasing, and Orsi's due diligence, they sought the independent advice of their attorney and accountant. We have stated above that reliance on representations by insiders, promoters, or offering materials generally is not an adequate defense to negligence. Gollin v. Commissioner, supra. It is clear that Orsi was a promoter. At the very least, both Orsi and Nunez were insiders. Any information they provided petitioners regarding investment opportunities in the Alamo partnerships was self-serving. As the promoter, Orsi had a stake in whether the Alamo partnerships were successful in securing investors. Thus, Orsi had an inherent conflict of interest. Under these circumstances, petitioners cannot show that Orsi reached his decisions independently when he advised them. Orsi cannot be considered a disinterested source. Petitioners' reliance on Orsi was not objectively reasonable. Notwithstanding that petitioners failed to produce a copy of any prospectus or any tax opinion prepared by Nunez, petitioners' reliance on such material also cannot be said to be reasonable. Reliance on offering materials is not an adequate defense to negligence. Gollin v. Commissioner, supra.

As for petitioners' contention that they are not liable for the additions to tax due to negligence because they relied on the

advice of independent advisers, we believe that in the instant case such reliance does not rise to the level necessary to overcome such a finding.  Although it appears that Hansen and Minger were not investors in the Alamo partnerships, petitioners' reliance on their professional advice was not reasonable.

There is no evidence to indicate that either Hansen or Minger had any expertise in the music recording industry. Moreover, petitioner testified that both Hansen and Minger rendered their opinions based solely on the prospectus and Nunez's tax opinion.  Neither of them sought any independent evaluations or appraisals.  We believe it incredible that petitioners would argue that such reliance upon the cursory review by advisers regarding matters outside their field of expertise constitutes the actions of a reasonable and ordinarily prudent investor.  We have stated before that investors cannot escape the negligence penalty by relying on the advice of persons who are not professional investment counselors.  Pasternak v. Commissioner, 990 F.2d 893, 903 (6th Cir. 1993), affg. Donahue v. Commissioner, T.C. Memo. 1991-181; Rybak v. Commissioner, 91 T.C. 524, 565 (1988).

In sum, we believe that a reasonable investor would have done more to protect his or her investment than what petitioners did in the instant case.  We find petitioners' actions, in failing to conduct anything approaching a meaningful

investigation of the Alamo partnerships, were not the actions that a reasonable and ordinary prudent person would have taken under the circumstances. Accordingly, we conclude that the underpayments for the years at issue were due to negligence under section 6653.

If the Court finds petitioners negligent, as we have, petitioners request a finding under section 6653(a)(2) as to the portion of the underpayment that is attributable to negligence, and the time period during which the underpayments were unpaid. Petitioners' concerns about the periods for which section 6653(a)(2) applies can be addressed in the Rule 155 computation.

Section 6653(c)(1) defines an underpayment in the case of a tax to which section 6211 is applicable as "a deficiency as defined in [section 6211]." Under section 6211, the term deficiency means "the amount by which the tax imposed * * * exceeds the excess of * * * the amount shown as the tax by the taxpayer upon his return." In determining whether an underpayment exists, the tax shown on the taxpayer's return "shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return." Sec. 6653(c)(1). The tax reported on an amended return filed subsequent to the due date of the original return does not negate the existence of an understatement. Emmons v. Commissioner, 92

T.C. 342, 348-349 (1989), affd. 898 F.2d 50 (5th Cir. 1990); <u>Deel</u> <u>v. Commissioner</u>, T.C. Memo. 1990-545.

In the instant case, after the last day prescribed for filing a return for 1981, petitioners filed an amended return for that year which is an admission of an underpayment of tax of $11,744. See sec. 301.6653-1(c)(1), Proced. & Admin. Regs. We note that respondent's transcripts also reflect this same amount. Accordingly, we find that the amount of the underpayment attributable to negligence under section 6653 for 1981 is $11,744. Petitioners did not make any arguments with respect to 1984 regarding the amount of any underpayment attributable to negligence under section 6653. Therefore, we sustain respondent's determination on this point for 1984.

The next issue is whether petitioners are liable for the additions to tax under section 6659 for a valuation overstatement. Section 6659 imposes a graduated addition to tax wherever an individual has an underpayment of tax which equals or exceeds $1,000 and which is attributable to a valuation overstatement. The amount "attributable to" a valuation overstatement is equal to the difference between a taxpayer's correct tax liability and the tax liability as reduced by the valuation overstatement. A valuation overstatement occurs when the value of any property or the adjusted basis of any property, claimed on any return is 150 percent or more of the amount

determined to be the correct amount of such valuation or adjusted basis (as the case may be). Sec. 6659(c). In the instant case, respondent determined that the value claimed was more than 250 percent of the correct value, and therefore the applicable percentage was 30.

In an affected items proceeding, res judicata precludes the relitigation of any issue resolved in the partnership proceeding, including the value or basis of partnership assets. N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 747 (1987). As stated, this Court has decided that the adjustments in the related partnerships proceedings for 1984 are correct as to the Alamo partnerships as set forth in the FPAA's. Thus the bases of Alamo East Enterprises and Alamo East Enterprises 1984 are "0" and "0", instead of $500,000 and $5,458,450, as claimed by the respective partnerships for 1984. The respondent determined that $12,846 was an amount attributable to a valuation overstatement for 1984. On this record we find that petitioners did not meet their burden to prove that respondent's determination was wrong. Accordingly, we sustain respondent's determination as to 1984 on this issue. For 1981, respondent's determination is the result of an investment tax credit carryback from 1984 due to the valuation overstatement. We therefore sustain the addition to tax for the valuation overstatement for 1981.

To the extent we have not addressed petitioners' other arguments, the Court finds them to be without merit.

<u>Decision will be entered under Rule 155</u>.