T.C. Memo. 2004-14

UNITED STATES TAX COURT

ALFRED J. MARTIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13419-02L.          Filed January 20, 2004.

<u>Patricia Tucker</u>, for petitioner.

<u>Anne W. Durning</u> and <u>James E. Cannon</u>, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  On November 7, 2003, pursuant to Rule 161,
petitioner filed a timely Motion for Reconsideration of this
Court's Memorandum Opinion in <u>Martin v. Commissioner</u>, T.C. Memo.
2003-288 (Martin II).[1]

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

In Martin II, we affirmed respondent's determination to proceed with collection by levy, and, as relevant to our discussion herein, we concluded that although the petition filed on petitioner's behalf in <u>Martin v. Commissioner</u>, T.C. Memo. 2000-187 (Martin I), affd. on other grounds 38 Fed. Appx. 980 (4th Cir. 2002), was unauthorized and petitioner's copy of the joint notice of deficiency was not attached, the petition placed a "proceeding in respect of the deficiency" on this Court's docket and suspended the statutory limitations period for assessment (the limitations period).

In his motion, petitioner alleges that our opinion in Martin II "made material factual errors in conflict with the facts found in [Martin I]" and "made material errors in analysis of the cases relied upon by both parties".  This Supplemental Memorandum Opinion addresses those allegations.

<u>Background</u>

We adopt the findings of fact in our prior Memorandum Opinion, Martin II.  For convenience and clarity, we repeat below the facts necessary for the disposition of this motion.

On April 15, 1981, petitioner and his wife at the time, Amilu, filed a joint Federal income tax return for 1980 (the 1980 joint return).  On June 7, 1988, respondent issued notices of deficiency to petitioner and Amilu with respect to the 1980 joint return.  On September 6, 1988, Jeffrey Berg, an attorney

representing limited partners in tax shelter litigation, filed a petition with this Court on behalf of petitioner and Amilu seeking a redetermination of their 1980 deficiency.[2]  Mr. Berg attached to the petition a copy of Amilu's notice.  In Martin I, we granted petitioner's request to dismiss him from the 1980 deficiency case for lack of jurisdiction, concluding that petitioner did not file, authorize the filing of, or ratify the filing of the petition Mr. Berg signed and submitted.

On November 20, 2000, respondent assessed petitioner's share of the 1980 joint deficiency and sent petitioner a notice of balance due.  On November 29, 2001, respondent issued a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing.  On December 14, 2001, petitioner timely submitted Form 12153, Request for a Collection Due Process Hearing, requesting a hearing under section 6330.

At the section 6330 hearing, petitioner's counsel argued that the limitations period had expired before respondent assessed petitioner's 1980 income tax liability.  Petitioner's counsel raised no other issues, although counsel expressed interest in discussing an installment agreement if the Appeals Officer rejected his limitations argument.

---

[2]On Aug. 4, 1986, at petitioner's request, Mr. Berg had filed a petition for redetermination of petitioner's 1981 and 1982 income tax deficiencies.

On July 22, 2002, the Appeals Office issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  In the notice of determination, Appeals Officer Mares determined, among other things, that (1) the limitations period had not expired prior to respondent's assessment of petitioner's 1980 income tax liability, and (2) collection by levy was appropriate under the circumstances.

## Discussion

Reconsideration under Rule 161 is intended to correct substantial errors of fact or law and allow the introduction of newly discovered evidence that the moving party could not have introduced, by the exercise of due diligence, in the prior proceeding.  Estate of Quick v. Commissioner, 110 T.C. 440, 441 (1998).  This Court has discretion whether to grant a motion for reconsideration and will not do so unless the moving party shows unusual circumstances or substantial error.  Id.; see also Vaughn v. Commissioner, 87 T.C. 164, 166-167 (1986).  "Reconsideration is not the appropriate forum for rehashing previously rejected legal arguments or tendering new legal theories to reach the end result desired by the moving party."  Estate of Quick v. Commissioner, supra at 441-442.

I.  The Alleged "Material Factual Errors"

In his motion for reconsideration, petitioner alleges that

our opinion in Martin II "either held or strongly inferred facts in conflict with the facts as found [in Martin I], or contrary to the stipulation filed in [Martin II], and those errors were material to [the Court's] reasoning and conclusion." The first such error identified by petitioner is our statement that Mr. Berg was petitioner's counsel in a related deficiency case. Petitioner contends that our statement equated with a finding contrary to Martin I that Mr. Berg was authorized to file the petition on petitioner's behalf in the 1980 deficiency case. In so arguing, petitioner misreads Martin II, which clearly provided that "petitioner did not file, authorize the filing of, or ratify the filing of the petition Mr. Berg signed and submitted." Furthermore, our holding with respect to the unauthorized petition's effect on the limitations period stated that "Although petitioner did not authorize Mr. Berg to file the petition, the petition nevertheless placed a 'proceeding in respect of the deficiency' on our docket and suspended the limitations period." (Emphasis added.)

Petitioner asserts, as our second error, that a footnoted portion of our discussion in Martin II conflicts with the findings of fact in Martin I. In Martin II, we stated in footnote 14 that Congress did not intend the expiration of the limitations period during the period that a defective petition is pending before the Court to disable the Commissioner's power to

assess and collect the disputed tax.  According to petitioner, this observation implies that petitioner "intentionally let the case linger until the statute of limitations would have run" and conflicts with the Court's finding in Martin I that petitioner did not know of the unauthorized petition until the time when he moved for its dismissal.  Again, we disagree with petitioner's reading of Martin II.  We made no factual finding that petitioner knew of the unauthorized petition and intentionally left it pending.  Furthermore, our discussion of this particular policy concern did not use language accusing petitioner of intentionally attempting to sidestep the limitations period.

As our third error, petitioner contends that, by acknowledging in footnote 14 the policy implication of the strong presumption of authority afforded counsel when filing a petition in this Court, we found that the presumption was not overcome here, a finding in conflict with Martin I.  Petitioner's interpretation of our discussion is nonsensical.  We did not make any finding in footnote 14 with respect to whether petitioner overcame a presumption of authority; moreover, throughout the opinion, we described the petition's filing as unauthorized.

II.  <u>The Alleged "Material Errors in Analysis of the Cases"</u>

In addition to allegations that we made substantial errors of fact in Martin II, petitioner alleges that we made material errors of law.  We address petitioner's allegations below.

First, petitioner asserts that we misinterpreted the case law in support of our holding that Mr. Berg's failure to attach petitioner's copy of the joint notice of deficiency to the unauthorized petition did not invalidate the petition. In particular, petitioner alleges that we misread Normac, Inc. v. Commissioner, 90 T.C. 142 (1988); O'Neil v. Commissioner, 66 T.C. 105 (1976); and Estate of DuPuy v. Commissioner, 48 T.C. 918 (1967). We have previously rejected petitioner's legal arguments on this issue, not only in Martin II, but also in a prior proceeding that arose out of Martin I. See Rothhammer v. Commissioner, T.C. Memo. 2001-46. A motion for reconsideration is not the appropriate forum for rehashing these arguments. See Estate of Quick v. Commissioner, supra at 441-442.

Second, petitioner challenges our application of Eversole v. Commissioner, 46 T.C. 56 (1966), to the limitations period issue. Petitioner argues that Martin II distinguished the facts in Eversole from petitioner's case and improperly treated Mr. Berg's filing of the petition as authorized. On the contrary, Martin II treated the petition as unauthorized and addressed petitioner's attempt in his reply brief to distinguish Eversole from Martin II by emphasizing the close relationship between the unauthorized filer and the taxpayer in Eversole.

III. Conclusion

We have considered petitioner's remaining arguments and, to

the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

Petitioner has failed to demonstrate unusual circumstances or substantial errors of fact or law. Accordingly, we will deny petitioner's motion for reconsideration.

To reflect the foregoing,

<u>An appropriate order denying petitioner's motion for reconsideration will be issued</u>.