T.C. Memo. 2011-96

UNITED STATES TAX COURT

SANDRA K. SHOCKLEY, TRANSFEREE, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 28207-08, 28208-08,    Filed May 2, 2011.
            28210-08.

Ziemowit T. Smulkowski, Jenny Louise Johnson,

Aharon S. Kaye, and Alexander S. Vesselinovitch, for petitioners.

Lyle Press, Steven N. Balahtsis, and Gail Campbell, for

respondent.

_____

[1]Cases of the following petitioners are consolidated
herewith:  Terry K. Shockley, Transferee, docket No. 28208-08;
and Shockley Holdings, Limited Partnership, Transferee, docket
No. 28210-08.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Pursuant to three separate notices dated August 21, 2008, respondent determined that Sandra K. Shockley (Mrs. Shockley), Terry K. Shockley (Mr. Shockley), and Shockley Holdings Ltd. Partnership (Shockley Holdings) (collectively, petitioners) are liable as transferees for the Federal income tax liability, additions to tax, and an accuracy-related penalty of Shockley Communications Corp. (SCC) for its short tax year ending May 31, 2001.  Based on respondent's determination as to the value of the assets transferred to petitioners, respondent determined that the amounts of transferee liability of each petitioner relating to SCC's outstanding liabilities are as follows, plus interest as provided by law:  (1) $11,244,084.42 for Mrs. Shockley; (2) $10,975,059.03 for Mr. Shockley; and (3) $4,053,709.13 for Shockley Holdings.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are:  (1) Whether the period of limitations under section 6901(c) precludes respondent from assessing transferee liability against petitioners for SCC's tax year ending May 31, 2001; and, if it is determined that the notices were timely, (2) whether petitioners are liable as transferees for their respective portions of the unpaid

determined and assessed deficiency, addition to tax, penalty, and interest with respect to SCC's corporate income tax for 2001; and (3) whether SCC is liable for the determined and assessed deficiency in tax, addition to tax, penalty, and interest for SCC's short tax year ending May 31, 2001.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Mr. and Mrs. Shockley (the Shockleys) resided in Florida at the time their petitions were filed. Shockley Holdings is a partnership organized under the laws of the State of Wisconsin, and its principal place of business was Florida at the time its petition was filed.

SCC was incorporated in March 1985 under the laws of the State of Wisconsin. SCC owned and operated five television stations and a radio station in Wisconsin, a television station and several radio stations in Minnesota, and a video production company in Wisconsin. Before May 31, 2001, petitioners each owned shares in SCC as minority shareholders along with 26 other shareholders. Mr. Shockley owned 10.18879 percent of SCC's common stock and served as president, treasurer, and a director of SCC. Mrs. Shockley owned 10.18879 percent of SCC's common stock and served as vice president, secretary, and a director of SCC. Shockley Holdings owned 3.52508 percent of SCC's common

stock. Shockley Holdings is owned by the Shockleys, who are general partners, and their adult children, who are limited partners.

On May 31, 2001, pursuant to a stock purchase agreement, petitioners sold their shares of SCC to Northern Communications Acquisitions Corp. (NCAC), a Delaware corporation. The Shockleys resigned from all of their positions in SCC as of that date, and at no time after the sale was either an officer, director, or shareholder of SCC.

Also on May 31, 2001, following the acquisition of the SCC stock by NCAC, NCAC caused SCC to merge with and into Shockley Delaware Corp. (SDC), a Delaware corporation and subsidiary of NCAC. SDC was the surviving entity in the merger and converted to a Delaware limited liability company named Shockley Communications Acquisition, L.L.C. (SCA LLC). SCA LLC immediately sold some of the assets that SCC had owned to Quincy Newspapers, Inc.

Petitioners timely filed Federal income tax returns for calendar year 2001 reporting gains from the May 31, 2001, SCC stock sale.

On or about February 24, 2002, the Internal Revenue Service (IRS) received SCC's Form 1120, U.S. Corporation Income Tax Return, for the short tax year of January 1, 2001, through May

31, 2001.  That form reported a Washington, D.C., mailing address for SCC.

By letter dated September 17, 2004, an attorney representing the Shockleys responded on their behalf to correspondence from an IRS examiner requesting that the Shockleys execute a Form 872, Consent to Extend the Time to Assess Tax, with respect to the tax return filed by SCC for its 2001 tax year.  The letter stated:

> You sent the Form 872 to the Shockleys as "officer/shareholder" of SCC.
>
> As you are aware, the Shockleys are not officers or shareholder's of SCC.  They have not been officers or shareholders for more than three years. * * *
>
> I understand that Northern Communications Acquisition Corporation * * *, the company that purchased the SCC shares, is successor in interest to SCC and capable of executing a Form 872 for SCC. * * *

The letter supplied contact information for an attorney representing NCAC and suggested that the IRS examiner contact the representative.  A copy of this letter was sent to the attorney representing NCAC.

On February 18, 2005, the IRS issued multiple notices of deficiency relating to SCC's short tax year ending May 31, 2001. A U.S. Postal Service Form 3877 indicated the notices were sent by certified mail on February 18, 2005.

The IRS sent one notice of deficiency to NCAC, determining a deficiency of $42,950,336 in tax and a penalty under section 6662 of $8,590,067 with respect to gain allegedly realized by NCAC

from the sale of the assets that SCA LLC acquired after the conversion of SDC into SCA LLC. A copy of this notice was sent to NCAC's authorized representative (the same attorney identified in the September 17, 2004, letter from the Shockleys' attorney to the IRS examiner). Attached to this copy of the notice was a letter addressed to the representative that stated: "We are sending the enclosed material under the provisions of your power of attorney or other authorization we have on file. For your convenience, we have listed the name of the taxpayer to whom this material relates in the heading above." The heading identified the taxpayer name as "Northern Communications Acq. Corp." No petition was filed in this Court in response to the NCAC notice or the copy sent to the representative.

The IRS also sent a notice of deficiency to "Shockley Communications Corporation" at the Washington, D.C., address reported on the 2001 Form 1120, determining a deficiency in tax of $41,566,515, a penalty under section 6662 of $8,313,303, and an addition to tax under section 6651(a)(1) of $2,078,276. The IRS calculated the determined deficiency and the penalty with respect to gain allegedly realized by SCC as a result of the sale of assets acquired and later sold by SCA LLC. This notice was returned to the IRS as undeliverable. No petition was filed in this Court in response to this notice of deficiency.

On February 18, 2005, the IRS also sent a notice of deficiency to "Shockley Communications Corporation, Terry K & Sandra K Shockley, Officers & Shareholders" at the then home address of the Shockleys in Madison, Wisconsin (the Madison notice). In this notice, the IRS determined a deficiency of $41,566,515, an addition to tax under section 6651(a)(1) of $2,078,276, and a penalty under section 6662 of $8,313,303. The notice stated:

> We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law. The enclosed statement shows how we figured the deficiency.
> If you want to contest this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency.

Attached to the notice was an examination report that identified SCC as the taxpayer (the same examination report was attached to the notice sent to SCC at the Washington, D.C., address). (The Form 3877 identified the addressee as "Shockley Communications Corporation c/o Terry K & Sandra K Shockley").

On May 25, 2005, a petition was filed in response to the Madison notice at docket No. 9699-05. The petition stated that it was "filed on behalf of Petitioner subject to the invalidity of the Notice of Deficiency and the failure to properly serve the corporation as required by statute. Without conceding the

jurisdiction of this Court, the Petitioner hereby submits this Limited and Special Petition." A letter dated May 18, 2005, from the Shockleys to the Clerk of the Court was also attached and was served on the Commissioner with the petition. In the letter, the Shockleys noted concern that the notice was addressed to both SCC and the Shockleys as officers and shareholders and was mailed to their then home address, which had never been SCC's address. The Shockleys also expressed concern that the notice might be directed at them in an individual or some representative capacity.

In an answer filed July 29, 2005, the Commissioner admitted that the Madison notice was sent to the personal residence of the Shockleys but alleged that this was a courtesy copy and that a copy of the notice of deficiency was also sent to the last known address of SCC at the Washington, D.C., address.

On April 26, 2007, the case at docket No. 9699-05 was dismissed for lack of jurisdiction because SCC lacked legal capacity to proceed in the case through the Shockleys. The order of dismissal for lack of jurisdiction stated that the parties agreed that the case should be dismissed on this ground and thus the Court did not determine the validity of the notice of deficiency.

The IRS also sent two separate notices of deficiency to Mr. and Mrs. Shockley at their then home address in Madison,

Wisconsin, determining a deficiency of $9,868,051 and a penalty of $1,973,610.20 with respect to their jointly filed 2001 individual income tax return on February 18, 2005.  The Shockleys filed a petition at docket No. 9700-05 in response to these notices.  The parties agreed to settle the case with no deficiency or penalty due from the Shockleys for 2001. Accordingly, a stipulated decision was entered in docket No. 9700-05 on August 23, 2007.

On September 6, 2007, the IRS assessed the following amounts against SCC for the tax year ending May 31, 2001:  (1) Corporate income tax of $41,566,515; (2) an addition to tax under section 6651 of $2,078,276; (3) an accuracy-related penalty under section 6662 of $8,313,303; and (4) interest of $26,953,309.60.

Thereafter, the IRS undertook transferee examinations of eight of the largest SCC shareholders who sold their SCC shares to NCAC on May 31, 2001, including petitioners.  On August 21, 2008, the IRS sent notices to each petitioner as a transferee. Each notice was erroneously titled "Notice of Deficiency".

## OPINION

Section 6901(a) is a procedural statute authorizing the assessment of transferee liability in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the transferee liability was incurred.  Section 6901(a) does not create or define a

substantive liability but merely provides the Commissioner a remedy for enforcing and collecting from the transferee of the property the transferor's existing liability. See <u>Coca-Cola Bottling Co. of Tucson v. Commissioner</u>, 334 F.2d 875, 877 (9th Cir. 1964), affg. 37 T.C. 1006 (1962).

Section 6901(c) provides that the period of limitations for assessment of transferee liability with respect to an initial transferee is within 1 year after the expiration of the period of limitation for assessment against the transferor. Petitioners argue that respondent is precluded from assessing transferee liability under section 6901 because the notices issued on August 21, 2008, were barred by the statute of limitations.

As a general rule, section 6501(a) provides that the amount of any tax "shall be assessed within 3 years after the return was filed * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period." The running of the section 6501(a) period of limitations on assessment:

> shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment * * * (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

Sec. 6503(a)(1). Under section 7481(a)(1) a decision of this Court becomes final after the period for appeal has elapsed. A

decision of the Tax Court may be appealed to a U.S. Court of Appeals within 90 days after the decision is entered.  Sec. 7483.

Petitioners contend that because SCC mailed its final tax return for the year ended May 31, 2001, no later than February 19, 2002, the usual period of limitations for assessment against SCC would have expired no later than February 19, 2005.  The limitations period was suspended for 90 days because the notice of deficiency was mailed to SCC's last known address and for another 60 days thereafter.  Secs. 6503(a)(1), 6213(a).  Accordingly, petitioners assert that the period of limitations against SCC with respect to its tax year ended May 31, 2001, expired no later than July 18, 2005, and the period of limitations for assessment against petitioners as transferees pursuant to section 6901 expired no later than July 18, 2006.  Petitioners assert that the period of limitations for assessment against SCC was not suspended beyond July 18, 2005, because no petition was filed in this Court with respect to a deficiency from a valid notice of deficiency.

Respondent counters that the notices sent to petitioners were timely because the period of limitations was suspended after a valid statutory notice was issued to SCC and thereafter a proceeding in respect of the deficiency was placed on the docket of this Court to further suspend the limitations period.  Thus, respondent argues that after the order of dismissal in docket No.

9699-05 was entered on April 26, 2007, the period of limitations for assessment against SCC was tolled for 90 days and another 60 days thereafter, and that the notices sent to petitioners as transferees on August 21, 2008, were within 1 year after the expiration--no earlier than September 6, 2008--of the period of limitation for assessment against the transferor.

Validity of the Madison Notice of Deficiency

Section 6212(a) authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer then has 90 days, or 150 days if the notice is addressed to a person outside the United States, from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

A notice of deficiency serves the purpose of the statutory scheme if (1) it provides notice to the taxpayer that the Commissioner has determined a deficiency against the taxpayer, and (2) it is received by the taxpayer in sufficient time to petition this Court to redetermine the deficiency. See, e.g., Pugsley v. Commissioner, 749 F.2d 691, 692-693 (11th Cir. 1985); Mulvania v. Commissioner, 81 T.C. 65, 67 (1983); Frieling v. Commissioner, 81 T.C. 42, 52-53 (1983) (holding notice effective if received without prejudicial delay by the taxpayer). However, actual notice is not required. Section 6212(b)(1) provides that

a notice of deficiency in respect of an income tax shall be sufficient if it is mailed to the taxpayer at the taxpayer's last known address. See Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). A taxpayer's last known address is generally the address that appears on the most recently filed and properly processed Federal income tax return, unless the IRS is given clear and concise notification of a different address. See sec. 301.6212-2(a), Proced. & Admin. Regs.; see also Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988).

The parties agree that the notice of deficiency sent to SCC at the Washington, D.C., address was valid because it was sent to SCC's last known address even though it was returned undelivered. See sec. 6212(a) and (b). SCC did not file a petition in response to that notice.

Respondent argues that the Madison notice is also a valid notice of deficiency to SCC and that the petition filed at docket No. 9699-05 suspended the period of limitations under section 6503(a). Respondent maintains that a notice of deficiency sent to an address other than the taxpayer's last known address is effective if it is actually received with ample time to file a petition. See, e.g., St. Joseph Lease Capital Corp. v. Commissioner, 235 F.3d 886, 888-889 (4th Cir. 2000), affg. T.C.

- 14 -

Memo. 1996-256; Sicker v. Commissioner, 815 F.2d 1400, 1401 (11th Cir. 1987); Frieling v. Commissioner, supra at 57.

Petitioners argue that actual receipt of the Madison notice by the Shockleys did not give notice to SCC because the Shockleys were not officers, directors, or agents of SCC in any capacity at the time the notice was mailed to them. The petition filed in response to the Madison notice in this Court was dismissed for lack of jurisdiction because SCC lacked legal capacity to proceed in the case through the Shockleys.

The Madison notice was addressed to "Shockley Communications Corporation, Terry K & Sandra K Shockley, Officers & Shareholders" as compared to the notice mailed to SCC's last known address that was addressed to "Shockley Communications Corporation". Generally defects in the mailing of a notice of deficiency are inconsequential when the taxpayer receives actual notice in time to file a petition for redetermination in the Tax Court. See Sicker v. Commissioner, supra at 1401 (stating the Court of Appeals for the Eleventh Circuit's position that when the IRS "erroneously sends a notice of deficiency to an address other than the taxpayer's 'last known address,' the notice is deemed to be effective when mailed, provided the notice is actually received by the taxpayer with ample time to file a petition for redetermination"); see also St. Joseph Lease Capital Corp. v. Commissioner, supra at 888-889.

The purpose of the statutory requirement for issuing the notice of deficiency is to inform the taxpayer of the determined tax deficiency and provide the taxpayer with the opportunity to file a petition in this Court before being required to make the payment.  See Gray v. Commissioner, 73 T.C. 639, 645 (1980).

At the time the two notices were sent, the IRS had been informed that the Shockleys were no longer officers or shareholders of SCC and that they did not have authority to sign a Form 872 for SCC.  There can be only one last known address within the meaning of section 6212(b) with respect to any one taxpayer on the date that a notice of deficiency is issued.  See Abeles v. Commissioner, supra at 1030.  Thus only the notice sent to SCC in Washington, D.C., was valid.  The notice sent to the residence of the Shockleys was a nullity as to SCC.

Proceeding in Respect of a Deficiency

As relevant here, within 90 days after the notice of deficiency is mailed, "the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency", and no assessment of a deficiency in respect of income tax shall be made until the expiration of such 90-day period "nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final."  Sec. 6213(a).  Section 6503(a)(1) provides:

> The running of the period of limitations provided in
> section 6501 * * * on the making of assessments * * *

in respect of any deficiency * * * shall (after the mailing of a notice under section 6212(a)) be suspended for the period during which the Secretary is prohibited from making the assessment * * * (and in any event, if a proceeding in respect of the deficiency is placed on the docket of the Tax Court, until the decision of the Tax Court becomes final), and for 60 days thereafter.

Respondent argues that even if the Madison notice of deficiency is invalid, there was a proceeding in respect of a deficiency on the docket of the Tax Court that suspended the running of the period of limitations under section 6503(a). Petitioners counter that no proceeding was placed on the docket of the Tax Court in respect of a deficiency of SCC for SCC's tax year ending May 31, 2001.

Respondent asserts that section 6503(a)(1) suspends the running of the period of limitations whenever a proceeding in respect of a deficiency is placed on the docket of the Tax Court regardless of the events that lead to the filing of a petition. Respondent relies in part on Martin v. Commissioner, 436 F.3d 1216 (10th Cir. 2006) (and cases cited therein), affg. T.C. Memo. 2003-288, supplemented by T.C. Memo. 2004-14. In Martin, the IRS determined a deficiency with respect to the joint tax return of the taxpayer, Martin, and his then wife. Because the couple had divorced, the IRS sent one notice of deficiency to Martin's last known address and another notice to his ex-wife at her address; each notice referenced their joint return. The notice sent to Martin was returned as undeliverable. A petition was filed by an

attorney on behalf of Martin and his ex-wife, with the notice sent to Martin's ex-wife attached.  Although Martin did not authorize the petition to be filed, there was no reason for the IRS to assume that the petition was invalid given the strong presumption of authority afforded to counsel filing a petition in the Tax Court.  Id. at 1224; see Rules 23(a)(3), 33(b); Gray v. Commissioner, supra at 646.  Moreover, the attorney who filed the petition and Martin corresponded referencing the docketed case multiple times (including Martin's sending a partial payment to the attorney for the joint tax liability) before Martin filed a motion to dismiss for lack of jurisdiction asserting that he had not filed or ratified the petition.  The Court of Appeals for the Tenth Circuit held that the filing of the petition and resulting Tax Court proceeding suspended the running of the period of limitations for the IRS to assess income tax.  Martin v. Commissioner, supra at 1226.

One of the cases analyzed in Martin was Eversole v. Commissioner, 46 T.C. 56, 64 (1966), where this Court held that the running of the period of limitations under former section 277, the predecessor to section 6503(a)(1), is suspended when a proceeding "is placed" on the docket of the Tax Court, rather than when "the taxpayer places" such a proceeding on the docket. This Court determined that the petition as filed was "in respect of the deficiency" when the widow signed the petition in her

individual capacity rather than as administrator of the estate. The Court of Appeals for the Tenth Circuit in Martin cited cases that stand for the proposition that "the placing of a proceeding on the docket of the tax court, not the manner in which such a proceeding is resolved, is key to tolling the running of the statute of limitations." Martin v. Commissioner, supra at 1224; see O'Neill v. United States, 44 F.3d 803 (9th Cir. 1995); United States v. Shahadi, 340 F.2d 56 (3d Cir. 1965); Am. Equitable Assurance Co. of N.Y. v. Helvering, 68 F.2d 46 (2d Cir. 1933), affg. 27 B.T.A. 247 (1932). However, in each of these cases there was no question with respect to the taxpayer identified in the respective notices and petitions.

Petitioners argue that the petition filed at docket No. 9699-05 was not "in respect of the deficiency" asserted against the taxpayer at issue according to section 6503(a)(1). Petitioners maintain that respondent's reliance on Martin v. Commissioner, supra, is misplaced because, unlike the petition here, the petition filed in Martin was, "on its face," filed on Martin's behalf by his attorney, making it reasonable for the IRS to presume that the petition was valid.

Unlike cases where a petition was filed by one other than the taxpayers, but who had authority--or appeared to have authority--to act on the taxpayers' behalf, the Shockleys did not purport to file the petition in docket No. 9699-05 in this

manner. The Shockleys asserted that the Madison notice was invalid in that it was addressed to both SCC and the Shockleys as SCC's officers and shareholders. The specific circumstances here show that respondent knew before sending the purported duplicate notices of deficiency on February 18, 2005, that the Shockleys were not a proper party and that they did not have authority to act on behalf of SCC with respect to SCC's determined deficiency for 2001.

The period of limitations is suspended only after the mailing of a notice under section 6212(a). Sec. 6503(a)(1). A statutory notice that is determined to be invalid is invalid for other purposes as well. See, e.g., Coffey v. Commissioner, 96 T.C. 161, 166-167 (1991) (holding that a misaddressed notice of deficiency does not terminate a consent agreement in a Form 872-A, Special Consent to Extend the Time to Assess Tax, nor does an assessment based on an invalid notice of deficiency terminate a Form 872-A agreement); Carnahan v. Commissioner, T.C. Memo. 1991-168 (holding that section 6212(c) applies to bar the Commissioner from issuing a notice of deficiency only if the taxpayer has already filed a petition in response to a valid notice of deficiency--a petition for redetermination filed in response to an invalid notice of deficiency does not trigger the bar of section 6212(c)(1)). An invalid notice of deficiency does not suspend the running of the period of limitations for assessment.

See Welch v. Schweitzer, 106 F.2d 885, 888 (9th Cir. 1939); Reddock v. Commissioner, 72 T.C. 21, 26 (1979); Rogers v. Commissioner, 57 T.C. 711, 713 (1972).

In Greve v. Commissioner, 42 B.T.A. 142 (1940), the Board of Tax Appeals held that there was no suspension of the period of limitations upon assessment when the IRS sent a notice that was not proper under former section 272, the predecessor of section 6212, that had prompted the taxpayer to file a petition in a prior case. In the petition with respect to the initial case, the taxpayer had sought dismissal of the proceeding for lack of jurisdiction because of the absence of any proper notice. See Greve v. Commissioner, 37 B.T.A. 450 (1938). After the case was dismissed for lack of jurisdiction, the Commissioner mailed a notice to the taxpayer. In response, the taxpayer filed a petition and asserted that this notice was time barred. Greve v. Commissioner, 42 B.T.A. at 142. The Board of Tax Appeals agreed and stated that the decision of the earlier case, that there was no valid notice, did not suspend the running of the period of limitations until 60 days after the decision of the Board at the earlier docket number became final according to the statute then in effect.

Conclusion

The Madison notice was not sent to SCC's last known address and was not a valid notice of deficiency. The petition filed at

docket No. 9699-05 was not filed on behalf of SCC in form or in effect, was not in respect of a deficiency, and did not prohibit assessment for purposes of section 6503(a)(1). That petition, therefore, did not extend the period of limitations as to SCC. The notices sent to petitioners as transferees were not timely.

In view of our conclusion, it is not necessary to reach the other issues or arguments of the parties. To reflect the foregoing,

Decisions will be entered for petitioners.