**AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK v. HELVERING, Commissioner of Internal Revenue.**

No. 126.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1933.

Le Roy B. Iserman, of New York City, for petitioner on review.

Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent on review.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

On May 25, 1926, the petitioner purchased all the assets in this country of the Norwegian Atlas Insurance Company except "its rights to dividends or otherwise on its allowed claims against the Jefferson Insurance Company, the Liberty Marine Insurance Company and the North Atlantic Insurance Company, all in liquidation. * * *" It paid for them in part in cash and in part by assuming certain debts of the Norwegian Company.

The contract bound the petitioner to pay as part of the debts assumed all taxes of the Norwegian Company, federal, state, or otherwise, if and when determined, for all years prior to 1926.

The above-mentioned claims are the basis of the deficiency in income for 1922 on which the taxes involved were assessed. The Norwegian Company had reinsured certain risks in the three insolvent insurance companies named and as a result held provable claims against them for 1922 in the amount of $74,-115.41. It kept its books on the accrual basis, and this amount appeared thereon as reinsurance recoverable at the end of 1922. It reported this as income in its return for that year, and deducted an equal amount with the explanation: "Various amounts credited in 1922 as recovered, which were at the same time charged three companies in liquidation. These amounts being as yet uncollected, income is accordingly reduced * * * $74,-115.41." The Commissioner disallowed the deduction and made other adjustments, not here involved, in determining a deficiency.

The return of the Norwegian Company was filed July 3, 1923. The notice of deficiency, mailed July 2, 1927, was given one day before the statutory four-year period for such notice would have expired. Within sixty days thereafter this petitioner filed a petition for redetermination with the Board of Tax Appeals, and it was placed upon the docket. On June 11, 1929, this petition was dismissed on motion of the government for lack of ju-

risdiction because, though filed in the name of the Norwegian Company, it was signed by this petitioner as the successor to the branch of that company in the United States and not by the taxpayer. On March 11, 1928, the Commissioner assessed the deficiency against the Norwegian Company and on March 15, 1929, mailed this petitioner a notice of the assessment of the deficiency against it as transferee. On May 10, 1929, this petitioner filed with the Board of Tax Appeals its petition for a redetermination of the deficiency, and the present petition is to review the decision thereon.

The petitioner argues that sections 277 (a) (2) and 280 (b) (1) of the Revenue Act of 1926, 26 USCA §§ 1057 (a) (2), 1069 (b) (1), bar the collection of these taxes. Under the first-named section the collection of the taxes was barred unless assessed against the Norwegian Atlas within four years after its return was filed; and, under the second section mentioned, the period for assessment against a transferee was limited to one year from the expiration of the period of limitation of assessment against the taxpayer. However, under section 277 (b) of the Revenue Act 1926 (26 USCA § 1057 note), the statute of limitations was tolled during the time the Commissioner was prohibited from making an assessment and for sixty days thereafter. Section 274 (a) of that act (26 USCA § 1048) prohibited him from making an assessment until sixty days after the mailing of a deficiency letter to the taxpayer, and, if a petition was filed with the Board of Tax Appeals, the prohibition against assessment was extended "until the decision of the Board has become final." Its decision did not become final until the petition was dismissed on June 11, 1929, and the time for filing a petition for review had expired. Section 1005 (a) of the Revenue Act 1926, 26 USCA § 1228 (a). In the meantime the Revenue Act of 1928 took effect. By section 504 (a) of that act (26 USCA § 1057 (b), section 277 (b) of the Revenue Act 1926 (26 USCA § 1057 note) was amended to suspend the running of the limitation on assessment until the decision of the Board became final and until sixty days thereafter "if a proceeding in respect of the deficiency is placed on the docket of the Board. * * *" This amendment applied to all cases where the period of limitations had not expired before it took effect. Section 504 (b) of Revenue Act 1928 (26 USCA § 1057 note).

Both section 277 (b) of the Revenue Act 1926 and section 504 (a) (b) of the Revenue Act of 1928 suspended the running of the statute when a proceeding in respect to the deficiency was placed on the docket of the Board. But the petitioner would have us hold that this is not so unless the Board has jurisdiction of the petition filed to initiate the proceeding placed on the docket. Its position is that, as the Board has held that it had no jurisdiction because the petition was not filed by the Norwegian Company, the taxpayer, there was no proceeding placed on the docket in the sense that expression must be construed to have been used in the two last above mentioned sections. If this be so, the government must treat as a nullity, in advance of a decision by the Board of Tax Appeals, every proceeding which is placed on the docket of the Board which has such infirmities that the Board finally dismisses it for lack of jurisdiction, unless it must accept the risk of the bar of the statute arising before it can know what the decision will be, and so is protected only by the chance that a decision will be rendered before the unsuspended period of limitation upon assessment has run. This seems to be the position taken in Gott v. Live Poultry Transit Co., 17 Del. Ch. 288, 153 A. 801. The language used in both the clauses providing for the tolling of the statute seems to us to negative such a view. Congress might make the period of limitation whatever it saw fit, and of course it might make no such provision at all. Having established one, it was free to suspend its running upon the occurrence of such conditions as it thought best. It did, verbally at least, make one such condition the mere placing on the docket of the Board of a proceeding in respect to the deficiency. Even though the Board dismissed this proceeding, as it did in this case, for want of jurisdiction (and we now have nothing to say about the correctness of that decision), the placing of the proceeding upon its docket gave it whatever right to act is involved in determining whether or not the petition was sufficient to give it jurisdiction to decide the matter on the merits. At any rate, a proceeding had been commenced which required the Board of Tax Appeals to make a decision though not necessarily on the merits. Because the effect of the passage of time would be the same whether the Board made its decision on the merits or on some other ground, if the period stated in the statute of limitations meantime expired, it is reasonable to believe that Congress did not intend to have the time a proceeding was pending before the Board counted any more when the decision was a dismissal for want of jurisdiction than when it was not. In other words, the

48

time after such a proceeding was placed on the docket was not to be added to what had gone by since the return had been filed until the Board disposed of the matter in some way and sixty days had passed thereafter in which further action could be taken. Certainly, the words Congress used have this meaning literally, and we are disposed to believe that such is their intended effect.

■ As we hold that the statute of limitations was suspended by the proceeding placed on the docket of the Board, it becomes necessary to determine whether the taxes were lawfully assessed against the Norwegian Company. They were assessed on March 11, 1928, and, as the Board did not dismiss the petition until June 11, 1929, they were assessed while the proceeding was pending before the Board and during the time the Commissioner was prohibited from making the assessment by section 274 (a) of the 1926 act. However, it should be noted that the deficiency notice had been sent the taxpayer on July 2, 1927, and just one day before the statute of limitations otherwise would have run. The time within which the Commissioner could assess after the time for filing a petition to review the decision of the Board had expired was known to be short. Section 279 (a) of the Revenue Act 1926 (26 USCA § 1051 (a) authorized the Commissioner, whenever he believed the assessment or collection of a deficiency would be jeopardized by delay, to assess such deficiency immediately. The assessment against the taxpayer was therefore good as a jeopardy assessment, and the assessment against the transferee was within the allowed period thereafter.

■ These taxes were, by the terms of the contract made by the petitioner with the Norwegian Company, to be paid by the petitioner. The government, as the party to whom the Norwegian Company owed the taxes and the real party they intended to be benefited by this agreement, may enforce the provision. Hendrick v. Lindsay, 93 U. S. 143, 23 L. Ed. 855; Seaver v. Ransom, 224 N. Y. 233, 120 N. E. 639, 2 A. L. R. 1187; Pennsylvania Steel Co. v. New York City R. Co. (C. C. A.) 198 F. 721.

■ The petitioner was a transferee within the meaning of the statute (section 280 of the Revenue Act 1926, 26 USCA § 1069 and note), and the United States may proceed under it to enforce its rights, as a creditor of the taxpayer, against this petitioner [Hatch v. Morosco Holding Co. (C. C. A.) 50 F. (2d) 138], without first making any attempt to collect the taxes of the Norwegian Company whose property in this country has been acquired by the petitioner.

■ The petitioner has not shown that the deduction claimed should have been allowed. Merely showing that the sums due for reinsurance in 1922 were not paid in that year did not prove that they could not be collected, and the finding of the Board as to that must be upheld. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289.

■ The burden to establish its right to the deduction claimed is on the taxpayer when he seeks a review. Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991.

Affirmed.