[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12316
Non-Argument Calendar
_____

Agency No. 7392-09

JOHN H. NIX, III,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

No. 13-12317
Non-Argument Calendar
_____

Agency No.  24620-09

JOHN H. NIX, III,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petitions for Review of a Decision of the
U.S.Tax Court

_____

(February 4, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

John H. Nix, III, appeals from the U.S. Tax Court's denial of his *pro se*

petitions for redetermination of his tax deficiency for 2003 and 2004.[1]  At trial, Mr.

Nix admitted that he worked for T-Mobile USA in 2003 and 2004 and that he

received compensation for his work during those years, but he argued that he was

exempt from federal income taxes.  The Tax Court determined that Mr. Nix was

liable for federal income tax deficiencies, as well as various penalties, for 2003 and

2004.  On appeal, Mr. Nix does not contest the Tax Court's computation of the

deficiencies or the penalties.  Instead, he argues that he was not required to pay

federal income taxes for the years in question because the plain language of

relevant statutes and substantive regulations excluded him from any such legal

---

[1] Mr. Nix's notice of appeal, which stated that it broadly appealed "all of the decisions" of the Tax Court, was also timely as to the Tax Court's denial of his motions for reconsideration. However, because Mr. Nix did not address the denial of those motions in his initial brief, we do not reach that issue. *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 476 F.3d 1261, 1269 (11th Cir. 2007) (refusing to consider claims not raised in a party's initial brief).

2

duty.[2]  Specifically, he argues that his employer had no authority to withhold taxes as a "withholding agent" and was not an "employer" as defined by the Internal Revenue Code.  He argues that the statutes of the Code cited by the Internal Revenue Service were without the force of law because they lacked implementing regulations, and states that the IRS did not disclose its "power to act."

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Comm'r v. Neal*, 557 F.3d 1262, 1268-69 (11th Cir. 2009).  We review *de novo* the Tax Court's interpretation and application of the tax laws and we review factual findings for clear error.  *Estate of Jelke v. Comm'r*, 507 F.3d 1317, 1321 (11th Cir. 2007).  When interpreting statutes, we look only to the plain language of the statutes, unless the statute is ambiguous.  *Shockley v. Comm'r*, 686 F.3d 1228, 1235 (11th Cir. 2012).

Subtitle A of the Internal Revenue Code sets forth the statutes governing the federal income tax.  *See generally* 26 U.S.C. §§ 1-1563.  In relevant part, § 1 of the Code provides for the imposition of an income tax on all "taxable income," 26

---

[2] Mr. Nix raises several additional arguments for the first time on appeal, including contentions regarding the proper definition of "taxable year" and arguments regarding tax liens. Because these arguments were not raised below, we need not and do not address them. *See Kartrude v. Comm'r*, 925 F.2d 1379, 1383 n.8 (11th Cir. 1991) (determining that we need not address issues on appeal that were not presented in the Tax Court).  Mr. Nix also raises arguments for the first time on appeal in his reply brief, and, as a result, those arguments are not properly before us. *See Hall v. Coram Healthcare Corp.*, 157 F.3d 1286, 1290 (11th Cir. 1998) (stating that "[a]rguments raised for the first time in a reply brief are not properly before this court").

U.S.C. § 1, which is defined as "gross income" minus the deductions that the chapter allows. *See* 26 U.S.C. § 63(a). In turn, "gross income" is defined in § 61(a)(1) as "all income from whatever source derived, including (but not limited to) . . . (1) Compensation for services[.]"  26 U.S.C. § 61(a)(1).

According to § 3402(a)(1) of the Code, "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with  tables and computational procedures prescribed by the Secretary."  26 U.S.C. § 3402(a)(1). The Code defines "wages" for purposes of § 3402(a)(1) as "all remuneration . . . for services performed by an employee for his employer[.]" 26 U.S.C. § 3401(a). It defines an employer as "the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person."  26 U.S.C. § 3401(d).

The term "withholding agent" is used in the Code only in the context of foreign accounts, nonresident aliens, and foreign corporations. *See*, *e.g.*, 26 U.S.C. § 1473 (defining "withholding agent" in the context of foreign accounts receiving payments or proceeds from sales from sources within the United States); 26 U.S.C. § 7701(a)(16) (defining "withholding agent" as "any person required to deduct and withhold any tax" under provisions relating to the tax liability of nonresident aliens and foreign corporations).

4

In this case, Mr. Nix was not excluded from federal income tax liability.  He admitted that he was paid for his services by T-Mobile USA, and, therefore, he received "taxable income" and was responsible for federal income taxes under § 1 of the Code.  Mr. Nix's statutory interpretation arguments to the contrary are unavailing.

Upon review of the entire record on appeal, and after consideration of the parties' appellate briefs, we affirm.

**AFFIRMED.**