[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10530
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-20265-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

EDDYS FARAMINAN,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2017)

Before HULL, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

The government appeals the district court's sentence imposed on defendant

Eddys Faraminan in 2016, which the district court directed to run concurrently

with a prior 2012 sentence.  At the time of sentencing in this case, Faraminan was already serving prison time on a 72-month total federal sentence from 2012, stemming in part from three aggravated identity theft convictions involving Walmart gift cards.  See 18 U.S.C. § 1028A.  In a new case in 2016, the district court again sentenced Faraminan on § 1028A aggravated identity theft convictions, this time involving cash advances from a casino, but made his new sentence concurrent with his prior, undischarged sentence.  On appeal, the government contends that the district court erred by running Faraminan's new 2016 sentences on the § 1028A charges (in Counts Two through Five of the indictment) concurrently with his undischarged 2012 sentence.  After thorough review, we agree with the government, vacate Faraminan's 2016 sentences on Counts Two through Five, and remand this case to the district court for further sentencing proceedings consistent with this opinion.

## I.  BACKGROUND

### A.    Previous Sentence

When the instant criminal case began, Faraminan was already serving a 72-month prison sentence.  In that prior federal case, the indictment charged that, from April 2011 through January 2012, Faraminan and others used stolen credit card account numbers to purchase Walmart gift cards worth over $1,000 and traveled across state lines with those stolen gift cards.  On August 9, 2012,

2

Faraminan pled guilty to one count of conspiracy to traffic in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) and (b)(2), and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

On December 19, 2012, the district court sentenced Faraminan to a prison term of 48 months on the conspiracy-to-traffic in access devices count (§ 1029) and a consecutive 24 months on the three aggravated identity theft counts (§ 1028A), for a total of 72 months' imprisonment.

## B.    Current Sentence

On April 21, 2016, while Faraminan was still in prison serving his 72-month sentence, a federal grand jury indictment charged Faraminan with one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (Count One) and four counts of aggravated identity theft, again in violation of 18 U.S.C. § 1028A(a)(1) (Counts Two through Five).  The indictment charged that, from February 18, 2012 through February 25, 2012, Faraminan knowingly, and with the intent to defraud, used other people's credit card account numbers to obtain more than $1,000.

Before trial, Faraminan and the government stipulated to certain facts and exhibits.  Those facts and exhibits showed that Faraminan fraudulently used counterfeit credit cards to obtain cash advances from a Miami, Florida casino.

3

At a one-day bench trial, the government relied entirely on the stipulated facts and exhibits, and Faraminan put on no evidence.  The district court found Faraminan guilty on all five counts.

Prior to sentencing, Faraminan filed a motion for a downward variance. Faraminan requested that his new sentence run concurrently with his 72-month sentence from 2012.  Faraminan argued that although the crimes charged in this new 2016 case were unrelated to his previous crimes, all the charges were still similar and occurred close in time to each other.[1]  At the sentencing hearing, the district court adopted Faraminan's position on whether his sentence for his new § 1028A convictions could run concurrently with his preexisting 72-month sentence.

Thus, on December 20, 2016, the district court sentenced Faraminan to a prison term of 10 months on Count One (§ 1029) and a consecutive 24 months on Counts Two through Five (§ 1028A) for a total of 34 months' imprisonment.  The district court directed that all of the prison terms—on Count One and Counts Two through Five—would run concurrently with the undischarged prison term of Faraminan's 2012 sentence.  At the time of his 2016 sentencing, Faraminan had

---

[1]The 2012 convictions involving Walmart gift cards arose from aggravated identity theft occurring in April 2011 through January 2012.  The 2016 convictions involved cash advances from a casino occurring during the week of February 18 through February 25, 2012.

4

already served almost 48 months on his 72-month sentence imposed in 2012 and had approximately 24 months undischarged.[2]

The government timely appealed.

## II.  DISCUSSION

While the district court ordered that all of Faraminan's 2016 sentences should run concurrently with the undischarged terms of his earlier sentence, on appeal the government argues only that Faraminan's 2016 sentences on his § 1028A convictions in Counts Two through Five cannot run concurrently with his undischarged 2012 prison sentence.  The government does not challenge the concurrent sentences on Faraminan's § 1029 convictions in 2012 and 2016.  The question here is thus whether, under 18 U.S.C. § 1028A, the district court could run Faraminan's 2016 § 1028A sentences on Counts Two through Five concurrently with his preexisting, undischarged sentence, which included a 24-month sentence for the 2012 § 1028A convictions.[3]

### A.    Plain Language of § 1028A

When interpreting the meaning of the § 1028A statute, the first step is "to determine whether the language at issue has a plain and unambiguous meaning."

---

[2]Faraminan was remanded into custody on January 4, 2013 for his 2012 convictions. Faraminan had thus been in prison for nearly four years at the time of his December 20, 2016 sentencing hearing.

[3]We review de novo the district court's interpretation of a statute.  United States v. Carter, 776 F.3d 1309, 1322 n.10 (11th Cir. 2015).

5

In re Hill, 715 F.3d 284, 297 (11th Cir. 2013) (quotation marks omitted).  Unless the plain language of the statute is ambiguous, our inquiry begins and ends there. Shockley v. Comm'r., 686 F.3d 1228, 1235 (11th Cir. 2012).

Section 1028A sets out the crime of aggravated identity theft and its mandatory two-year prison sentence.  18 U.S.C. § 1028A(a)(1).  Aggravated identity theft consists of knowingly transferring, possessing, or using, without lawful authority, a means of identification of another person during and in relation to certain enumerated felonies, including access device fraud.  18 U.S.C. § 1028A(a)(1), (c)(4).  In turn, § 1028A(a)(1) provides that any person convicted for aggravated identity theft "shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years."  18 U.S.C. § 1028A(a)(1).

Furthermore, § 1028A(b)(2) in the aggravated identity theft statute is entitled "Consecutive sentence" and expressly provides that "no term of imprisonment" imposed under § 1028A "shall run concurrently with any other term of imprisonment," stating as follows:

**(b) Consecutive sentence.**--Notwithstanding any other provision of law--

. . . .

**(2)** except as provided in paragraph (4), no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any

6

other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used.

18 U.S.C. § 1028A(b)(2) (emphasis added).  Accordingly, under § 1028A(b)(2), the district court must impose consecutive sentences.  Nonetheless, paragraph four sets out the narrow exception to this mandatory, two-year consecutive sentence rule in § 1028A, allowing multiple terms of imprisonment imposed under § 1028A "at the same time" to run concurrently:

> **(4)** a term of imprisonment imposed on a person for a violation of this section may, in the discretion of the court, run concurrently, in whole or in part, <u>only with another term of imprisonment that is imposed by the court at the same time on that person for an additional violation of this section</u>, provided that such discretion shall be exercised in accordance with any applicable guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28.

18 U.S.C. § 1028A(b)(4) (emphasis added).

The language of the statute is clear.  No term of imprisonment for a § 1028A conviction shall run concurrently, and the only narrow exception to that rule is when the district court imposes prison sentences for multiple § 1028A convictions "<u>at the same time</u>."  18 U.S.C. § 1028A(b)(2), (b)(4).  This exception in § 1028A(b)(4) does not provide that prison sentences for all § 1028A convictions may run concurrently but only those "imposed by the court at the same time."[4]

---

[4]Notably too, if subsection (b)(2) meant to allow all aggravated identity theft sentences to run concurrent to one another, then the exception in subsection (b)(4) for aggravated identity

**B.    Analysis of Faraminan's Sentence**

Here, the district court undisputedly did not impose prison sentences for Faraminan's 2016 and 2012 § 1028A convictions at the same time.  Pursuant to the plain language of § 1028A(b), Faraminan's term of imprisonment for the 2016 § 1028A convictions therefore could not run concurrently with any part of his undischarged 2012 sentence, including his earlier § 1028A convictions.  The district court thus erred by ordering Faraminan's prison sentence for his 2016 § 1028A convictions to run concurrently to his undischarged 2012 prison sentence.

This Court has interpreted similar language in a previous version of 18 U.S.C. § 924(c) the same way.  That statute provided: "nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment."  United States v. McLymont, 45 F.3d 400, 401 (11th Cir. 1995) (per curiam) (quoting 18 U.S.C. § 924(c)).  The McLymont Court concluded that this language "clearly evinces a Congressional intent that the mandatory punishment be in addition to any other term of imprisonment."  Id.  In other words, "[t]he plain language of the statute expressly states that a term of imprisonment imposed under section 924(c) cannot run concurrently with any other term of imprisonment, period."  United States v. Wright, 33 F.3d 1349, 1350 (11th Cir.

theft sentences imposed at the same time would be entirely unnecessary.  Subsection (b)(2) thus does not have that broader meaning.  See, e.g., Legal Envtl. Assistance Found., Inc. v. EPA, 276 F.3d 1253, 1258 (11th Cir. 2001) ("[I]t is an elementary principle of statutory construction that, in construing a statute, we must give meaning to all the words in the statute.").

1994) (per curiam).  McLymont thus supports our conclusion here about the very similar language contained in § 1028A(b)(2).

It is also immaterial that other statutes, such as 18 U.S.C. § 3553 or 18 U.S.C. § 3584, provide district court judges with discretion in imposing sentences in most other instances[5] because the clear language of § 1028A(b) provides that its mandates shall apply "[n]otwithstanding any other provision of law."  The McLymont Court concluded that this exact phrase, when used in § 924(c), "makes it clear that Congress intended the penalty provisions of § 924(c) to take precedence over any preexisting or subsequently-enacted sentencing legislation, including the Sentencing Guidelines."  McLymont, 45 F.3d at 401.  In the same way, the phrase "[n]otwithstanding any other provision of law" makes it clear that the penalty provisions of § 1028A(b) take precedence over other sentencing statutes.

## C.    Policy Arguments

We note that both Faraminan and the district court raised concerns about the desirability of the rule we must follow here from the plain meaning of § 1028A(b). Both worried that the government could act to deliberately structure indictments to

---

[5]See, e.g., 18 U.S.C. § 3553(a) (giving the district court discretion to "impose a sentence sufficient, but not greater than necessary" to comply with the listed factors) and § 3584 (setting out the general rule that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively" and that the district court should consider the § 3553(a) factors when making that decision).

9

stack multiple sentences for § 1028A convictions. Both Faraminan and the district court also argued that the government's position would take away the district court's sentencing authority and run contrary to the goal of imposing "sufficient, but not greater than necessary" sentences. See 18 U.S.C. § 3553(a).

The clear and plain language of § 1028A(b) simply does not permit us to read § 1028A(b) as Faraminan argues. Because the plain language is clear, we stop our inquiry there and do not consider these policy concerns. Shockley, 686 F.3d at 1235. This is not a case where the plain meaning of a statute "produces a result that is not just unwise but is clearly absurd." CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1228 (11th Cir. 2001) (quoting Merritt v. Dillard Paper Co., 120 F.3d 1181, 1188 (11th Cir. 1997)). Whether or not the rule in § 1028A(b) is a desirable one is thus left to Congress, which has spoken clearly on this issue.

## III.  CONCLUSION

For the foregoing reasons, the district court erred when it directed that Faraminan's prison sentence for his 2016 § 1028A convictions would run concurrent to his undischarged 2012 sentence. We thus vacate Faraminan's 2016

sentences on Counts Two through Five and remand to the district court for further

sentencing proceedings consistent with this opinion.[6]

**VACATED AND REMANDED.**

---

[6]While the government requested that we vacate Faraminan's entire sentence, we need not vacate his sentence on Count One because the government did not challenge the 2012 and 2016 § 1029 sentences running concurrently.

11