[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11413
Non-Argument Calendar
_____

Agency No. 22739-18

TIMOTHY L. GARLAND,
BESSIE GARLAND,

Petitioners-Appellants,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(November 27, 2019)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy and Bessie Garland appeal *pro se* the dismissal of a petition they filed in the United States Tax Court. The Tax Court dismissed the Garland's petition for lack of jurisdiction. We affirm.

In 2018, the Garlands petitioned the Tax Court for a "redetermination of the liability" for tax years 2013, 2015, and 2017. The Commissioner of the Internal Revenue Service moved to dismiss the petition for lack of jurisdiction. The Commissioner argued there was no evidence in the record that the Garlands had received a notice of deficiency or a notice of determination for the tax years identified in their petition. The Garlands requested that the tax court order the Commissioner to "Cease and Desist with any further or other Frivolous Filings" and complained about "2018 Tax Income Tax Filings being 'Seized' . . . for 'Alleged' back-taxes Owed . . . ." The Tax Court dismissed the Garland's petition.

We have "jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury . . . ." 26 U.S.C. § 7482(a)(1). We review the legal decisions of the Tax Court *de novo* and its findings of fact for clear error. *Campbell v. Comm'r*, 658 F.3d 1255, 1258 (11th Cir. 2011).

"[T]he Tax Court is a court of strictly limited jurisdiction and powers." *Roberts v. Comm'r*, 175 F.3d 889, 896 & n.7 (11th Cir. 1999); *e.g.*, 26 U.S.C. § 7442 ("The Tax Court and its divisions shall have such jurisdiction as is conferred on them" by statute.). It can review "the government's determination of a deficiency by [a] taxpayer" who submits evidence that he received a notice of deficiency from the Internal Revenue Service. *United States v. Beane*, 841 F.3d 1273, 1283 (11th Cir. 2016) ("the receipt of a notice of deficiency is a jurisdictional requirement for access to the Tax Court"). The taxpayer must petition for a redetermination of a deficiency "[w]ithin 90 days . . . after the notice . . . is mailed . . . ." 26 U.S.C. § 6213(a).

The Tax Court lacked jurisdiction to entertain the Garlands' petition. The Garlands do not dispute the finding of the Tax Court that they failed to submit "a notice of deficiency, notice of determination . . ., or any other determination pertaining to the tax years 2013, 2015, and 2017." They had to produce one of those records as their "jurisdictional ticket to the Tax Court." *Shockley v. Comm'r*, 686 F.3d 1228, 1238 n.9 (11th Cir. 2012). The partial notice of intent to levy that the Garlands attached to their petition did not provide a basis for jurisdiction. To obtain judicial review, the Garlands had to appeal the notice of intent to levy and receive a determination from the Service that the Tax Court could redetermine. *See* 26 U.S.C. § 6330. And it makes no difference that the Service discovered that it

3

had sent the Garlands a notice of deficiency for tax year 2015 on July 23, 2017. The deadline to dispute the assessment expired on October 23, 2017, and the Garlands waited until November 19, 2018, to petition the Tax Court. *See id.* § 6213(a).

The Garlands raise three arguments, all of which fail. First, the Garlands argue that the Tax Court could exercise jurisdiction under sections 7441 and 7443A of Title 26 the United States Code. But section 7441 simply "establishe[s], under article I of the Constitution of the United States, a court of record to be known as the United States Tax Court," *id.* § 7441, and section 7443A addresses the appointment, authority, and payment of special trial judges for the Tax Court, *id.* § 7443A. Second, the Garlands argue the Tax Court had jurisdiction under Tax Court Rule 60, but that Rule only identifies who are proper parties against the Commissioner, I.R.C. R. 60. Third, the Garlands contend they are entitled to tax refunds, but the Tax Court had no jurisdiction to review their request for a refund without evidence that a deficiency had been assessed against them. The Garlands would have to file an action for a refund in the district court. *See* 28 U.S.C. § 1346(a)(1) ("The district courts . . . have original jurisdiction . . . of . . . [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . .").

We **AFFIRM** the dismissal of the Garland's petition.